IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES MICHAEL MURRAY,    §
   §
     Plaintiff,    §
   §
v.    §    Case No. 3:22-cv-01618-E-BT
   §
UNITED STATES OF AMERICA,    §
and the FEDERAL BUREAU OF    §
PRISONS,    §
   §
     Defendants.    §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* prisoner case is Defendants United States of America and Federal Bureau of Prison's (BOP) (collectively, the "Defendants") Rule 12(b)(1) Motion to Dismiss in part Plaintiff's Amended Complaint (ECF No. 25). This case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). *See* ECF No. 1. For the reasons stated, the Court should GRANT the Motion, DISMISS all of Plaintiff's claims against the BOP, and DISMISS Plaintiff's Eighth Amendment claim against the United States. Plaintiff's Federal Tort Claims Act (FTCA) claim against the United States should proceed.

### Background[1]

---

[1] In view of the Plaintiff's *pro se* status, the Court draws the relevant facts from Plaintiff's original complaint, his response to the magistrate judge's questionnaire, and his amended complaint. *See* Compl. (ECF No. 3); Resp. Q. (ECF No. 9); Am. Compl. (ECF No. 7).

Plaintiff alleges that he was incarcerated at Federal Correctional Institute (FCI) Seagoville from February 2021 to November 2021. Am. Compl. 4; Resp. Q. 1. On or around October 4, 2021, Plaintiff injured his left hand. Resp. Q. 2. He alerted the nurses to his swollen hand several times and requested x-rays or other treatment, but he received no treatment or medication. Resp. Q. 3.

In November 2021, Plaintiff alleges he was released to a halfway house in Hutchins, Texas, operated by Volunteers of America (VOA). Compl. 2. A VOA nurse examined his hand and sent him to Parkland Hospital in Dallas, Texas. Compl. 2. Hospital employees informed him that his finger was "severely dislocated" and that he needed surgery. Compl. 2. He received surgery on his finger on December 6, 2021. Compl. 2; Resp. Q. 4.

Prior to his surgery, Plaintiff spoke with a hospital surgeon who allegedly informed him that his "hand should have been repaired 5 or 6 weeks earlier when the injury occurred." Compl. 2. Plaintiff states that, in the surgeon's view, he would never be able to bend his finger again because "the joint had already fused in the weeks before with [his] neglected medical care." Compl. 3. Plaintiff's finger continues to be impaired; the use of his finger continues to be "very limited," Compl. 3, and "the tip of [his] finger bends permanently forward [while] [t]he middle joint will not bed at all," Resp. Q. 5. After the surgery, the VOA alerted the BOP about the surgery costs, and the BOP paid the $35,000 hospital bill. Resp. Q. 4.

Plaintiff filed a claim with the BOP for the damage to his left hand pursuant to the FTCA, which was denied on June 13, 2022. Resp. Q. 7. After the denial, Plaintiff filed this lawsuit against the United States and the BOP, alleging damages under the FTCA and violations of the Eighth Amendment. Am. Compl. 3. He seeks $32,000 in damages for the purported permanent injury to his finger. Am. Compl. 8; Resp. Q. 8. Defendants filed their Motion to Dismiss, asking the Court to dismiss—under Rule 12(b)(1) of the Federal Rules of Civil Procedure—all of Plaintiff's claims against the BOP, as well as Plaintiff's Eighth Amendment claims against the United States. Mot. Dismiss (ECF No. 25). Defendants do not seek dismissal of any of Plaintiff's claims against the United States under the FTCA. Mot. Dismiss 2.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.*

(citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." (citation omitted)).

Here, Defendants' Motion makes a facial attack on the Court's subject matter jurisdiction. Defendants did not submit evidence in support of their assertion that the Court lacks subject matter jurisdiction over Plaintiff's claim, and Defendants argue that Plaintiff's jurisdictional claim fails on legal, not factual, grounds. Thus, all of Plaintiff's factual allegations will be accepted as true for the purpose of determining whether the Court has jurisdiction over his claims.

**Analysis**

I.    Claims Against the BOP

Defendants first move to dismiss any claims against the BOP because "a federal agency is not a proper defendant in an FTCA claim." Br. Mot. Dismiss 3. In his response, Plaintiff states that he "ha[s] no objection to the government's motion to dismiss in part" and that he "agree[s] to dismiss the claim against the [BOP]." Resp. 1 (ECF No. 29).

4

By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). To successfully sue under the FTCA, a plaintiff must bring a claim: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

To the extent Plaintiff brings his claims under the FTCA, the BOP is not a proper defendant. The FTCA does not authorize claims against an agency or a government employee in his or her individual capacity. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. *Galvin*, 860 F.2d at 183. An FTCA claim against a federal agency or employee in his individual capacity, as opposed to the United States itself, must be dismissed for want of jurisdiction. *Id.*; *see also Toledo v. Bureau of Prisons*, 238 F. App'x 10, 11 (5th Cir. 2007) (affirming dismissal of plaintiffs' claims against BOP under the FTCA, because the only proper defendant under the FTCA is the United States).

Therefore, the Court should grant the Defendants' motion to dismiss all of Plaintiff's claims against the BOP.

II.    Eighth Amendment Claim

Defendants also move to dismiss Plaintiff's Eighth Amendment claims against the United States and the BOP. Br. Mot. Dismiss 5. Defendants state that alleged constitutional violations are "barred by the doctrine of sovereign immunity" and that the United States has not waived immunity. Br. Mot. Dismiss 5. Plaintiff responds that he "oppose[s] the Defendant's Motion" because "[t]he Eighth Amendment of the Constitution protects prisoners from cruel and unusual punishment." Resp. 1.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the "Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (per curiam). However, the availability of a *Bivens* claim arises only in limited circumstances. *Byrd*, 990 F.3d at 882. The Fifth Circuit recently confirmed that *Bivens* claims are currently recognized in only the following factual situations: "(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment," (2) "discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment," and (3) "failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (citations

6

omitted). And "[t]he Supreme Court has cautioned against extending Bivens to new contexts." *Byrd*, 990 F.3d at 881 (first citing *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020) (holding that the plaintiff's Bivens claim arose in a new context, and factors, including the potential effect on foreign relations, counseled hesitation with respect to extending Bivens); and then citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1861 (2017) (holding that plaintiff's detention-policy claims arose in a new *Bivens* context, and factors, such as interfering with sensitive Executive-Branch functions and inquiring into national-security issues, counseled against extending *Bivens*)).

"In fact, the Supreme Court has gone so far as to say that extending *Bivens* to new contexts is a 'disfavored' judicial activity." *Byrd*, 990 F.3d at 881 (first citing *Abbasi*, 137 S. Ct. at 1857; and then quoting *Iqbal*, 556 U.S. at 675). Indeed, the Supreme Court has recently affirmed its distaste for extending *Bivens*, stating that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 142 S. Ct. 1793, 1800 (2022).

Even so, a *Bivens* action is meant "'to deter *the officer*,' not the agency." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (quoting *Meyer*, 510 U.S. 471, 485 (1994)). "Allowing a *Bivens* claim against federal agencies 'would mean the evisceration of the *Bivens* remedy, rather than its extension.'" *Meyer*, 510 U.S. at 485. The Fifth Circuit provides that "[*Bivens*] action[s] against the United States, the BOP, or BOP officers in their official capacities . . . are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004); *see Jackson v. C.T.*, 2022 WL 3580773, at *2 (N.D. Tex.

July 14, 2022) (Ramirez, J.) (noting that a *Bivens* action "does not provide for a cause of action against a federal agency or the United States"), *adopted by* 2022 WL 6225568 (N.D. Tex. Oct. 7, 2022) (Fitzwater, J.).

Here, Plaintiff attempts to bring a *Bivens* action against the United States and the BOP for monetary damages relating to his injuries to his left hand. But the United States and the BOP enjoy sovereign immunity as to Plaintiff's constitutional violation claims. Therefore, Plaintiff's claims against the United States and the BOP for any Eighth Amendment violations should be dismissed.

## Recommendation

The Court should GRANT Defendants' Motion to Dismiss in part, and DISMISS all of Plaintiff's claims against the BOP, as well as Plaintiff's Eighth Amendment claim against the United States.

**SO ORDERED.**

July 14, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**<u>INSTRUCTIONS FOR SERVICE AND</u>**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).